UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYATTA QUINN MITCHELL,<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>CDCR DIRECTOR, et al.,<br><br>　　　　　　　　　　　Respondents. | Case No.: 21-CV-1261 JLS (MDD)<br><br>**ORDER: (1) SUMMARILY DISMISSING SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION; (2) DENYING REQUEST TO PROCEED *IN FORMA PAUPERIS* AS MOOT; AND (3) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**<br><br>(ECF Nos. 1, 2) |

Petitioner Kenyatta Quinn Mitchell ("Petitioner"), a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 that challenges his 2016 conviction in San Diego County Superior Court, case number SCN362476, for which he was sentenced to 17 years. *See* ECF No. 1 ("Pet.") at 1. Petitioner has also filed a request to proceed *in forma pauperis* ("IFP") ("IFP Mot.," ECF No. 2), which the Court **DENIES AS MOOT** because this case is summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A), as discussed below.

///

1

**PETITION BARRED BY 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION**

Upon review, the instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his 2016 conviction and sentence in San Diego County Superior Court, case number SCN362476. On April 6, 2018, Petitioner filed in this Court a Petition for a Writ of Habeas Corpus challenging his 2016 conviction and sentence of 17 years in San Diego Superior Court, case number SCN362476, of which the Court takes judicial notice. *See* ECF No. 1 in Civil Case No. 18-CV-697 WQH (BLM) (S.D. Cal. filed Apr. 6, 2018); *see also United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."). On January 10, 2019, that petition was denied on the merits. *See* ECF No. 30 in Civil Case No. 18-CV-697 WQH (BLM). On December 23, 2019, the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. *See Mitchell v. Dep't of Corr. & Rehab.*, Case No. 19-55108, 2019 WL 7756435 (9th Cir. Dec. 23, 2019).

In the instant Petition, Petitioner again seeks to challenge this same 2016 conviction and sentence. *See* Pet. at 1. Petitioner acknowledges that this is not his first federal petition for a writ of habeas corpus challenging his 2016 conviction in San Diego Superior Court, case number SCN362476, and acknowledges the prior federal petition was denied on the merits. *See id.* at 5, 26. Petitioner also indicates that one or more of the same issues presented in the instant Petition were raised in the prior federal petition. *Id.* However, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (noting that a petition is "second or successive" where the petitioner challenges "the same custody imposed by the same judgment of a state court" as in a prior petition).

Even were Petitioner able to demonstrate that his Petition falls within the statutory provisions allowing for permission to file a second or successive habeas petition, *see* 28

2

U.S.C. § 2244(b)(2)(A)-(B), Petitioner must still first obtain authorization from the Ninth Circuit Court of Appeals to file a petition in this Court. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Morales v. Sherman*, 949 F.3d 474, 476 (9th Cir. 2020) (per curiam) (recognizing that 28 U.S.C. § 2244(b)(3)(A) is "a provision that bars district courts from entertaining a second or successive petition unless its filing has first been authorized by the court of appeals"). In the instant case, Petitioner indicates he has not obtained permission from the Ninth Circuit Court of Appeals to file a second or successive petition, *see* Pet. at 5, 26, and the Court's review of the Ninth Circuit's electronic docket similarly fails to reflect that Petitioner has sought or obtained such permission. Accordingly, this Court cannot consider the instant Petition and **DISMISSES** it **WITHOUT PREJUDICE**.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") is required to appeal to the court of appeals "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" and is warranted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(A) & (c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In the instant case, because Petitioner previously filed a petition challenging his 2016 conviction in case number SCN362476, which was denied on the merits, and there is no indication Petitioner has received permission from the Ninth Circuit to file a second or successive petition, the Court is not persuaded that Petitioner has shown that "jurists of reason would find it debatable whether the district court was correct" in dismissing the instant petition for lack of authorization. *See* 28 U.S.C. § 2244(b)(3)(A); *id.* § 2253(c);

///

*Burton*, 549 U.S. at 153; *Slack*, 529 U.S. at 484. Accordingly, the Court **DECLINES** to issue a COA.

**CONCLUSION**

Because there is no indication that the Ninth Circuit Court of Appeals has granted Petitioner leave to file a second or successive petition, this Court cannot consider the Petition (ECF No. 1). Accordingly, the Court **DISMISSES** the instant Petition **WITHOUT PREJUDICE** to Petitioner filing a petition in this Court if he obtains the necessary order from the Ninth Circuit Court of Appeals and **DENIES** Petitioner's IFP Motion (ECF No. 2) as moot. The Court further **DECLINES** to issue a COA.

The Court **DIRECTS** the Clerk of the Court to send Petitioner a blank Ninth Circuit Application for Leave to File a Second or Successive Petition Under 28 U.S.C. § 2254 together with a copy of this Order.

**IT IS SO ORDERED.**

Dated: July 15, 2021

Hon. Janis L. Sammartino
United States District Judge